· (No. 81-CV-0544-)

*In re* APPLICATION OF CATHY ASHWORTH.

*Order filed January 22, 1982.*

JAMES E. SOUK, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on October 27, 1979. Cathy Ashworth, mother of the deceased victim, Cherry Ashworth, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 21, 1981, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on October 27, 1979, the victim was beaten by the boyfriend of the victim's mother. The incident occurred at 41 Country View Estates, Urbana, Illinois, in the home shared by the victim, her mother and the offender. The victim was taken to Carle Hospital where she expired shortly after admission. Police investigation revealed that the offender had beaten the victim on several occasions prior to the fatal beating. The Claimant

indicated to several people that she was aware of these beatings; however, she failed to make any report of these beatings to law enforcement officials. The offender was apprehended and prosecuted on the charge of murder; however, he was found guilty of involuntary manslaughter.

2. That section 3(e) of the Act states that the Claimant is eligible for compensation if the victim and the assailant were not sharing the same household at the time of the crime occurred.

3. That according to section 6.1(e) of the Act, a victim is entitled to compensation if the victim is not sharing the same household with the assailant both at the time the notice of intent is filed with the Attorney General's office and at the time of the final adjudication of the claim.

4. That it appears from the investigatory report that the victim and the assailant were sharing the same household at the time the crime occurred.

5. According to sections 6.1(c) and (d) of the Act, a person is entitled to compensation under the Act if the appropriate law enforcement officials were notified of the perpetration of the crime and the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

6. That police investigation revealed that the victim's death was the result of the last of several beatings administered by the offender. The Claimant indicated to several people that she was aware of such beatings but failed to make any report of these to law enforcement officials. By reason of her failure to contact law enforcement officials regarding these beatings and the violent pattern of behavior exhibited by the offender towards the victim, the Claimant has failed to comply with sec-

tions 6.1(c) and (d) of the Act.

7. That the Claimant has not met required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.